UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROY JAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:24-cv-11937-AK |
| | ) | |
| v. | ) | |
| | ) | |
| NANCY BEAN, MARK GOLDWEITZ & | ) | |
| DAVID GOLDWEITZ | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DAVID GOLDWEITZ'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS UNDER RULES 12(b)(1), 12(b)(7) AND 19 FOR FAILURE TO JOIN A NECESSARY AND INDISPENSABLE PARTY AND LACK OF SUBJECT MATTER JURISDICTION**

Defendant David Goldweitz respectfully submits this memorandum in support of his motion to dismiss under Rules 12(b)(1) & (7) and 19 of the Federal Rules of Civil Procedure.

For the reasons set forth in Defendant Nancy Bean's Motion to Dismiss and accompanying Memorandum, filed August 14, 2024 ("Defendant Bean's Motion") which is incorporated herein by reference, David Goldweitz likewise moves to dismiss.

As Defendant Bean's Motion establishes, the claims in Plaintiff's complaint cannot be resolved without including Nantucket Wine & Food Festival, LLC ("Nantucket LLC") as a party, and the joinder of Nantucket LLC would destroy diversity jurisdiction in this case, which is the sole basis for this Court's subject matter jurisdiction over the matter.

Nantucket LLC is a necessary and indispensable party to this case, and Plaintiff has failed to join it. This case revolves around Nantucket LLC. The most obvious problem with Plaintiff's

failure to join that entity is that in Count V of his Complaint, Plaintiff seeks rescission of the Redemption Agreement, Participation Agreement and Promissory Note—all contracts to which Nantucket LLC is a party. A party to a contract is a necessary and indispensable party to an action seeking rescission of that contract. *Acton Co. of Massachusetts v. Bachman Foods, Inc.*, 668 F.2d 76, 82 (1st Cir. 1982) ("Our conclusion that Acton is an 'indispensable' party under Rule 19(b) is supported by other cases holding that an action seeking rescission of a contract must be dismissed unless all parties to the contract, and others having a substantial interest in it, can be joined."). This is just one example of the problems with Nantucket LLC's absence in this case; ultimately, for a number of reasons set forth in Defendant Bean's Motion, this Court cannot afford complete relief among the parties without Nantucket LLC's participation in the proceedings. Accordingly, Nantucket LLC is a necessary and indispensable party.

Because joinder of Nantucket LLC as a party would deprive this Court of subject-matter jurisdiction, *see infra*, Rule 19(b) applies here and calls for the Court to consider "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Regarding the first three factors, as set out above, an action seeking rescission of a contract must be dismissed unless all parties to the contract can be joined. Allowing a claim for rescission to be decided when a party to that contract is not present to defend itself or any obligations it owes or is owed under that contract is highly prejudicial. As to the fourth factor, the plaintiff may seek an adequate remedy for his state law claims in state court. Accordingly, dismissal is required here.

Lest there be any doubt, joining Nantucket LLC to this action would destroy diversity, compelling dismissal under Rule 12(b)(1). Plaintiff invokes only diversity jurisdiction as the basis for pursuing state law claims in this Court. *See* Complaint at 2 ¶ 5. Plaintiff is a citizen of Florida, Defendants Bean and Mark Goldweitz are citizens of Massachusetts, and Defendant David Goldweitz is a citizen of New York. Plaintiff and Defendant Bean are members of Nantucket LLC. *See id.* ¶ 105, 107. Nantucket LLC is a citizen of Florida and Massachusetts because a limited liability company is deemed a citizen of every state of which its members are citizens. *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 694 (1st Cir. 2023). Therefore, the joinder of Nantucket LLC on either side would destroy diversity jurisdiction, eliminating this Court's only basis for subject matter jurisdiction over the action.

WHEREFORE, Defendant David Goldweitz respectfully requests this Court grant his motion to dismiss for lack of subject matter jurisdiction and failure to name a necessary and indispensable party.

Dated:  September 16, 2024

Respectfully submitted,

/s/ Daniel L. Rosenthal, Esq.
Daniel L. Rosenthal, Esq. BBO: 637659

ATTORNEY FOR DAVID GOLDWEITZ

MARCUS|CLEGG
16 Middle Street, Unit 501
Portland, ME  04101
(207) 828-8000
dlr@marcusclegg.com

## Local Rule 7.1(a)(2) Certification

Undersigned counsel conferred in good faith with counsel for the Plaintiff by email on September 16, 2024 but did not reach an agreement concerning this motion.

/s/ Daniel L. Rosenthal

## Certificate of Service

The undersigned certifies that this document, filed through the ECF system, will be electronically served on counsel who are registered users of ECF as of September 16, 2024.

/s/ Daniel L. Rosenthal