**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROY JAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:24-cv-11937-AK |
| ) | |
| NANCY BEAN, MARK GOLDWEITZ, AND ) | |
| DAVID GOLDWEITZ, ) | **REQUEST FOR ORAL ARGUMENT** |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT, DAVID GOLDWEITZ'S, MOTION TO DISMISS UNDER RULES 12(b)(1), 12(b)(7) AND 19

NOW COMES the Plaintiff, Roy Jay ("Plaintiff"), and hereby OPPOSES the Defendant, David Goldweitz's, Motion to Dismiss Under Rules 12(b)(1), 12(b)(7) and 19 for Failure To Join a Necessary and Indispensable Party and Lack of Subject Matter Jurisdiction ("Defendant's Motion"). Mr. Goldweitz incorporates and joins in Defendant, Nancy Bean's, Motion to Dismiss (ECF 7) which is already pending and which the Plaintiff has opposed (ECF 18). Accordingly, the Plaintiff respectfully requests that this Honorable Court DENY the Mr. Goldweitz's Motion to dismiss for the same reasons that Ms. Bean's motion should be denied.

Plaintiff incorporates and restates the following in support of his opposition:

### BACKGROUND

On July 25, 2024, Plaintiff filed his Verified Complaint (ECF 1) with the Court, along with a Motion for Preliminary Injunction (ECF 2, 3). On August 14, 2024, the Defendant, Nancy Bean ("Ms. Bean" or "Defendant"), filed her motion to dismiss. ECF 7.

The Defendant's Motion argues that the Plaintiff cannot establish diversity jurisdiction because The Nantucket Wine & Food Festival LLC ("Nantucket LLC") is a necessary and

1

indispensable party to the lawsuit. The Defendant's arguments are flawed, however, because they misconstrue the nature of Plaintiff's claims as set forth in greater detail below. Accordingly, the Plaintiff respectfully requests that this Court deny the Defendant's Motion in full.

In support of this Opposition, the Plaintiff references and incorporates herein the facts and plausible allegations set forth in Plaintiff's Verified Complaint ("*Compl*." or "Complaint").

## ARGUMENT

### I.    STANDARDS OF REVIEW

#### A.    Fed.R.Civ.P. Rule 12(b)(1)

In weighing a motion to dismiss under Rule 12(b)(1), the court "must credit [Plaintiff's] well-plead[ed] factual allegations and draw all reasonable inferences in [Plaintiff's] favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010), citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001); see also Novopyxis, Inc. v. Applegate, No. 21-cv-10883-AK, 2022 U.S. Dist. LEXIS 85082, at *5 (D. Mass. May 11, 2022) (noting "generous" and "plaintiff-friendly" standard of review). A "[d]ismissal based on the pleadings is appropriate only when the facts alleged in the complaint, taken as true, do not support a finding of federal subject matter jurisdiction." Nikunj Patel v. Jaddou, No. 4:22-cv-11128-IT, 2023 U.S. Dist. LEXIS 172619, at *12-13 (D. Mass. Sep. 27, 2023), citing Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009).

#### B.    Fed.R.Civ.P. Rules 12(b)(7) and 19

"'[T]he moving party carries the burden of showing why an absent party should be joined.'" J & J Sports Prods. Inc. v. Cela, 139 F. Supp. 3d 495, 499 (D. Mass. 2015), quoting Raytheon Co. v. Cont'l Cas. Co., 123 F.Supp.2d 22, 32 (D.Mass.2000). "As with Rule 12(b)(6) motions, a court must accept the allegations contained in the plaintiff's complaint as true for the

purpose of the Rule 12(b)(7) inquiry." Id., quoting McCaskill v. Gallaudet Univ., 36 F.Supp.3d 145, 151 (D.D.C.2014); Davis Cos. v. Emerald Casino, Inc., 268 F.3d 477, 479 n. 2 (7th Cir.2001) (noting that "[f]or purposes of a motion to dismiss for failure to join a party under Rule 19, we accept the allegations in the complaint as true"). "In deciding Defendants' motion to dismiss, the Court assumes that the factual allegations in the complaint are true but is 'not bound to accept ... a legal conclusion couched as a factual allegation.'" Id., quoting San Gerónimo Caribe Project, Inc. v. Acevedo–Vila, 687 F.3d 465, 471 (1st Cir.2012).

"In the traditional analysis, when the court's subject matter jurisdiction is grounded in diversity, the joinder of a nondiverse party is not feasible because such joinder destroys the court's subject matter jurisdiction." Id.; see In re Olympic Mills Corp., 477 F.3d 1, 8 (1st Cir.2007); Acton Co. of Massachusetts v. Bachman Foods, Inc., 668 F.2d 76, 78 (1st Cir. 1982). "A party is a necessary party within the purview of Rule 19(a)(1)(A) only if, 'in that person's absence, the court cannot accord complete relief among existing parties.'" Watchtower Bible & Tract Soc'y of N.Y., Inc. v. Municipality of San Juan, 773 F.3d 1, 13 (1st Cir.2014). Further, that an existing party may pursue or be subject to further litigation against other absent parties has no effect on the analysis under Rule 19(a)(1)(A). Id. (noting "[t]he mere fact, however, that Party A, in a suit against Party B, intends to introduce evidence that will indicate that a non-party, C, behaved improperly does not, by itself, make C a necessary party") (citation and internal quotation marks omitted); J & J Sports Prods. Inc. v. Cela, 139 F. Supp. 3d 495, 504 (D. Mass. 2015), quoting MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 385 (2d Cir.2006).

Fed. R. Civ. P. 19 provides for "joinder of required parties when feasible, Fed. R. Civ. P. 19(a), and for dismissal of suits when joinder of a required party is not feasible and that party is indispensable, Fed. R. Civ. P. 19(b)." Bacardí Int'l Ltd. v. Suárez & Co., 719 F.3d 1 (1st Cir.

2013). Whether a party is indispensable, and a lawsuit must be dismissed in their absence, "can only be determined in the context of particular litigation." <u>Provident Tradesmens Bank & Trust Co. v. Patterson</u>, 390 U.S. 102, 118 (1968) (citations omitted).

**II.    NANTUCKET LLC IS NOT A NECESSARY AND INDISPENSABLE PARTY TO THIS ACTION BECAUSE PLAINTIFF'S CLAIMS ARE DIRECT IN NATURE.**

Nantucket LLC is not a required party because this Court can accord complete relief among the existing parties without risking its ability to protect its interests or exposing the Defendants to multiple or inconsistent obligations. Assuming *arguendo* that it was required, joinder would not be feasible because Nantucket LLC would only be added as a nominal party in interest. Nantucket LLC is also not an indispensable party where this Court can accord complete relief among the existing parties and where the claims are direct in nature.

### A.    <u>Direct Claims Do Not Require Joinder.</u>

Ms. Bean's contention that Nantucket LLC must be before this Court neglects to address the initial dispositive question - whether Plaintiff's claims are direct or derivative in nature. As explained below, Plaintiff's claims are direct and, therefore, Nantucket LLC is not a necessary party.

 "In determining if the partnership or LLC is itself a necessary party in a breach of fiduciary duty claim, the court probably should first ask whether the claim is a direct or derivative claim under state law." James R. Burkhard, *May a Member of an LLC or a Limited Partner Bring a Breach of Fiduciary Duty Claim Against Those Controlling the LLC or Partnership as a Diversity Action?*, 23 Rev. Litig. 239, 245-46 (Spring, 2004). "If the court decides that, under state law, the action against those in charge is direct, it seems highly unlikely that any further analysis would be necessary; the LLC or partnership would not even be a necessary party." <u>Id.</u> at 247, <u>citing</u> <u>Whitney v. Citibank, N.A.</u>, 1985 U.S. Dist. LEXIS 20568, 1985 WL 566, *5 (S.D.N.Y. 1985). [I]f the claim

is properly brought as a direct action under state law, the analysis should end there - there would be no reason to join the partnership or LLC." Id.

Courts considering this issue "have been quite specific in stating that the nature of the claims Plaintiffs bring determines whether or not a partnership's presence in the suit is necessary or not, and, by consequence, whether its citizenship must be taken into consideration for diversity purposes." Mallia v. Painewebber, Inc., 889 F. Supp. 277, 281-82 (S.D. Texas 1995) (string cites omitted). In an analogous context, in a direct action brought by a limited partner against general partners, the limited partnership may be disregarded for diversity purposes. Id., citing Lenz v. Associated Inns and Restaurants Co. of America, 833 F. Supp. 362, 378-79 (S.D.N.Y. 1993). A limited liability company, therefore, is not an indispensable party under Fed. R. Civ. P. 19 and, where the Plaintiff's claims are direct in nature, will not be included in a court's analysis of diversity jurisdiction. Id.

**B.** **Plaintiff Has Alleged Direct Claims and, Therefore, Nantucket LLC is Not a Necessary Party.**

A suit is "direct" if "the right flows from the breach of a duty owed directly to the plaintiff independent of the plaintiff's status as a shareholder, investor, or creditor of the corporation." Urquhart v. Wertheimer, 646 F. Supp. 2d 210, 212 (D. Mass. 2009). Here, Plaintiff has asserted direct claims against Ms. Bean to recover actual damages and protect his individual interests, namely losses suffered as a result of Ms. Bean's breach of contract, breach of the covenant of good faith and fair dealing, and breaches of fiduciary duty owed to the Plaintiff. Plaintiff's rights have been severely impaired by the Defendants' actions. Plaintiff has been a Member of Nantucket LLC and has a 10% membership interest and 10% voting rights in Nantucket LLC. *Compl. ¶ 105*.

It was Ms. Bean, not Nantucket LLC, who unlawfully (i) used loans to conceal deposits; (ii) failed to document Nancy's Loans by promissory notes; (iii) failed to construct and provide

accurate income statements or balance sheets that would provide visibility or transparency into Nantucket LLC's true financial health; (iv) listed herself as a ninety percent (90%) owner of Nantucket LLC on federal tax returns; (v) entered into contracts which obligated the LLC to spend amounts greater than $50,000; and (vi) borrowed money in excess of $100,000 by placing liens on assets of Nantucket LLC without authorization. *Compl.* ¶ *95*. Further, Ms. Bean signed the Redemption Agreement as the Manager of Nantucket LLC without formal appointment as such and without Plaintiff's consent to her appointment. Id. Moreover, it was Ms. Bean who failed and/or refused to provide Plaintiff with Nantucket LLC's financial and accounting records despite his clear interest in and to the LLC and despite Plaintiff's multiple requests. Id. As in Delta Fin. Corp. v. Paul D. Comanduras & Assocs., "this action arises out of a strictly internal conflict between the [members and/or Managers]" and thus Nantucket LLC is not a necessary party. 973 F.2d 301, 303 (4th Cir. 1992).

Plaintiff's claims are based on the breaches of fiduciary duty owed to the Plaintiff individually. *Compl.* ¶¶ *105-111* (alleging that Ms. Bean failed to remit payments and distributions to the Plaintiff, violated the parties' agreements, among other breaches). "A breach of fiduciary duty occurs where the fiduciary acts disloyally." N. Am. Catholic Educ. Programming Found. v. Cardinale, 567 F.3d 8, 17-18 (1st Cir. 2009), quoting Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 291 (1st Cir. 1999) (internal quotation marks omitted). This duty applies to shareholders of closely held corporations. See, e.g., Demoulas v. Demoulas Super Mkts., 424 Mass. 501, 528-29, 677 N.E.2d 159 (1997) (explaining that, in Massachusetts, close corporations' shareholders owe one another the duty of utmost good faith and loyalty), citing Donahue v. Rodd Electrotype Co. of New Eng., 367 Mass. 578, 592-594, 328 N.E.2d 505 (1975); Zimmerman v. Bogoff, 402 Mass. 650, 657, 524 N.E.2d 849 (1988).

Courts in Massachusetts have held that claims such as those asserted by the Plaintiff here are direct, and not derivative. In <u>Reeve v. Folly Hill Limited Partnership</u>, for example, a limited partner brought a breach of fiduciary duty claim challenging the managing and general partners' payment of cost overruns to the contractor, which was a nominee trust of which the managing and general partners were trustees. 36 Mass. App. Ct. 90, 628 N.E.2d 36 (1994). The plaintiff in <u>Reeve</u> claimed that his share of partnership profits were being diminished by these overruns, which exceeded the fixed-price construction contract. The Appeals Court of Massachusetts held that this was a direct claim, not derivative. <u>Id.</u> at 97.

Similarly, in <u>Sarin v. Ochsner</u>, 48 Mass. App. Ct. 421, 423 (2000), the court held that the limited partner's breach of fiduciary duty claim against the general partners of a limited partnership for a failure to give the plaintiff the accountings and distributions to which he was entitled was a direct claim, not a derivative one, as defendants claimed. <u>Id.</u> The court in <u>Sarin</u> held that subject matter jurisdiction existed because there were at least some issues in which the limited partner had a direct interest. <u>Id.</u>

Where, as here, Plaintiff's claims are direct in nature, Nantucket LLC is not an indispensable party under Fed.R.Civ.P. 19, and it need not be included in the Court's analysis of diversity jurisdiction.

## III.    NANTUCKET LLC IS NOT INDISPENSABLE BECAUSE ITS INTERESTS ARE ADEQUATELY REPRESENTED BY THE DEFENDANTS.

"Dismissal under Rule 12(b)(7) is governed by Rule 19 of the Federal Rules of Civil Procedure." <u>J & J Sports Prods. Inc. v. Cela</u>, 139 F. Supp. 3d 495, 503–04 (D. Mass. 2015), <u>quoting</u> <u>Raytheon Co. v. Cont'l Cas. Co</u>., 123 F.Supp.2d 22, 32 (D.Mass.2000). A court must first determine whether an absent party is required, or whether if "in that person's absence, the court cannot accord complete relief among existing parties" or their absence may "impair or impede the

person's ability to protect the interest" or risk multiple or inconsistent obligations on an existing party. Fed. R. Civ. P. 19(a); see also Provident Tradesmens, 390 U.S. at 108.

Under Rule 19(a), a necessary party is to be joined as long as it is feasible to do so. Joinder is not feasible if it would deprive the court of subject matter jurisdiction. Z & B Enterprises, Inc. v. Tastee-Freez Int'l, Inc., 162 F. App'x 16, 20 (1st Cir. 2006). Because Nantucket LLC shares the citizenship of all of its members (and therefore could not be joined in a federal case based on subject matter jurisdiction), the Court must, therefore, determine whether Nantucket LLC is "indispensable," i.e., whether "in equity and good conscience the action should proceed among the parties" already before the Court. Weirich v. Wherli, 2007 U.S. Dist. LEXIS 20302, at * 5 (N.D. Ill.), citing Fed. R. Civ. P. 19(b).

Rule 19(b) lays out four non-exclusive facts to determine whether or not an absent party is indispensable:

> (1)    the extent to which a judgment rendered in [its] absence might prejudice [its] or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: protective provisions in the judgment; shaping the relief; or other measures; (3) whether a judgment rendered in [its] absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Id. at *5-6.

The indispensability analysis involves the balancing of competing interests and must be steeped in pragmatic considerations. In re Olympic Mills Corp., 477 F.3d 1, 9 (1st Cir. 2007). Further, where an existing party "vigorously address[es]" the absent party's interests, there is no need to protect her from a threat of serious injury. See Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund, 582 F.3d 30, 43-44 (1st Cir. 2009).

Here, the Rule 19(b) factors weigh in favor of the Plaintiff because all of the interests of the LLC are adequately represented, and no actual prejudice will be suffered if the case proceeds in its absence. Defendant, Mark Goldweitz, retained a 41% membership interest and 60.6% voting rights in the LLC, while Ms. Bean purportedly retained a 90% membership interest in Nantucket following the Redemption Transaction (as described in the Complaint at ¶¶ 53-64).[1] As part of the Redemption Transaction, Defendant, David Goldweitz, effectively redeemed Mark Goldweitz's membership interest. *Compl.* ¶ *56*. All of the members and/or managers of Nantucket LLC with a direct interest in the litigation are therefore, for all practical purposes, already before the Court. Any judgment entered in the absence of Nantucket LLC will be adequate and could easily be shaped to lessen or avoid any prejudice to that dispensable party.

Moreover, where all of the LLC's members and/or managers are already joined in this action, the LLC is not necessary for rescission. All of the underlying agreements set forth in Plaintiff's Complaint were signed by some or all of the Defendants and/or the Plaintiff. See, e.g., *Compl*., Exs. D and E.

Simply, there is no prejudice to Defendants in proceeding in Federal Court without the LLC. Furthermore, the preliminary relief sought by the Plaintiff in his motion for preliminary injunction can be easily shaped to maintain the *status quo* and prevent unlawful dissipation of LLC assets until this dispute is resolved. A consideration of the Rule 19(b) factors therefore weighs in the Plaintiff's favor, and the Defendant's Motion should be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff, Roy Jay, respectfully requests that this Honorable Court DENY Defendant, David Goldweitz's, Motion to Dismiss Under Rules 12(b)(1), 12(b)(7)

---

[1] Prior to the Redemption Transaction, Ms. Bean had a 49% membership interest and 29.4% voting rights in Nantucket LLC.

and 19 and award such other and further relief as this Court deems just and proper.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), the Plaintiff respectfully requests oral argument on Defendant's Motion and this Opposition.

Respectfully submitted,

**Plaintiff,**
**ROY JAY,**

By his Attorneys,

/s/ *Amie D. Joseph*

_____
Travis J. Jacobs, Esq. (BBO#: 671921)
Amie D. Joseph, Esq. (BBO#: 662558)
THE JACOBS LAW, LLC
1359 Hancock Street, Suite 10
Quincy, Massachusetts 02169
TJacobs@TheJacobsLaw.com
AmieJ@TheJacobsLaw.com
DATED: September 27, 2024          800.652.4783 (P) / 888.613.1919 (F)

.

### CERTIFICATE OF SERVICE

The undersigned certifies that all attorneys of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 27th day of September 2024.

/s/ *Amie D. Joseph*

_____
Amie D. Joseph, Esq.