UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROY JAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:24-cv-11937-AK |
| NANCY BEAN, MARK GOLDWEITZ & DAVID GOLDWEITZ, | ) ) REQUEST FOR ORAL ARGUMENT |
| Defendants. | ) ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT, NANCY BEAN'S, MOTION TO DISMISS UNDER RULE 12(b)(6)**

NOW COMES the Plaintiff, Roy Jay ("Plaintiff"), and hereby OPPOSES the Defendant, Nancy Bean's, Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Defendant's Motion" or "*Def.'s Motion*"). Accordingly, the Plaintiff respectfully requests that this Honorable Court DENY the Defendant's Motion for the following reasons.

**INTRODUCTION**

On July 25, 2024, Plaintiff filed his Verified Complaint (ECF 1) with the Court, along with a Motion for Preliminary Injunction. ECF 2, 3. On August 14, 2024, the Defendant, Nancy Bean ("Ms. Bean" or "Defendant"), filed her first motion to dismiss on Rules 12(b)(1), (5) and (7) and 19 of the Federal Rules of Civil Procedure. ECF 7. On September 10, 2024, the Plaintiff filed his Opposition to Defendant, Nancy Bean's, first motion to dismiss. The Plaintiff hereby incorporates by reference that Opposition. Before the Court issued any order on Ms. Bean's first motion to dismiss, Ms. Bean filed this additional Motion to Dismiss alleging the Plaintiff has failed to state claims pursuant to Fed. R. Civ. P. (12)(b)(6).

The arguments in Defendant's Motion are flawed because the Plaintiff's Complaint

1

plausibly and comprehensively alleges the obligations owed by the Defendant to the Plaintiff which she is contractually agreed to perform and which she breached. The Defendant also ignores that the Federal Rules of Civil Procedure have repeatedly held that pleadings may contain alternative claims. As demonstrated below, the Plaintiff sufficiently alleges all of his causes of action and the Defendant's Motion should be denied in its entirety.

In support of this Opposition, the Plaintiff references and incorporates herein the facts and allegations set forth in Plaintiff's Verified Complaint ("Complaint" or "*Compl.*").

## ARGUMENT

**I.    STANDARD OF REVIEW**

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the […] claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 555 (2007). "[W]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, the allegations 'must be enough to raise a right to relief above the speculative level,' and 'must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555-556. "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement' possess enough heft to 'show that the pleader is entitled to relief." Id. at 556.

For a claim to survive dismissal, the claimant "need show only that [its] complaint includes enough factual detail to make the asserted claim 'plausible on its face.'" Falmouth Sch. Dep't v. Doe, 44 F.4th 23, 46 (1st Cir. 2022), quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court accepts as true all facts alleged in the claim and draws all reasonable inferences in the claimant's favor. Id.; see Whitman & Co. v. Longview Partners (Guernsey) Ltd., 140 F. Supp. 3d

138, 140 (D. Mass. 2015) (Burroughs, J.).

## II. PLAINTIFF SUFFICIENTLY PLED A CLAIM FOR BREACH OF CONTRACT (COUNT I).

Under Massachusetts law, for a claim of breach of contract to withstand a motion to dismiss under 12(b)(6), the "plaintiffs must prove that a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiffs sustained damages as a result of the breach." Brooks v. AIG Sunamerica Life Assurance Company, 480 F.3d 579, 586 (1st Cir. 2007).

Here, the Plaintiff comprehensively identified the sections and provisions of the contracts that were breached and how. For example, the Defendant breached the Agreements when she used loans to conceal deposits (*Compl.* ¶¶ 51, 95), when she failed to document loans (*Compl.* ¶¶ 52, 95), when she failed to document accurate financial records regarding The Nantucket Wine & Food Festival LLC (the "LLC") (*Compl.* ¶¶ 49, 95), when she signed documents as the manager of the LLC without formal appointment of same (*Compl.* ¶¶ 9, 13, 65, 74, 95), when she entered into contracts which obligated the LLC spend amounts exceeding $50,000 (Compl. ¶¶ 79, 95), and when she borrowed money on behalf of the LLC in excess of $100,000 (*Compl.* ¶ 81, 95).

The Defendant, however, argues that the Plaintiff has not alleged a plausible breach of contract claim; yet, she makes the blatantly incorrect assertion that the Plaintiff "[…] confusingly combines defendants without identifying particular clauses." *Def.'s Motion* ¶ II. In the Complaint, the Plaintiff excerpted a portion of the LLC Agreement. *Compl.* ¶ 30. In Defendant's Motion, Ms. Bean contends that the Plaintiff "[…] rewrites a Major Decision clause from the LLC's operating agreement, which he admits required either his approval **or** Ms. Bean's approval (Complaint ¶ 30), to require both Ms. Bean's approval **and** Mr. Jay's approval." *Def.'s Motion* ¶ II. Beyond the advancement of salacious conjecture, it is unclear what the intended meaning of the Defendant's use of the word "rewrite", as the excerpted language is not altered. In any event, however, the

3

Plaintiff contends (and the Defendant does not dispute) that he was not given notice of the major decisions made by Ms. Bean, as required by the language in the LLC Agreement. *Compl.* ¶ 95. In Defendant's Motion, the Defendant attempts to cancel out her breach of one portion of the LLC Agreement by asserting her compliance with another – which is simply nonsensical.

The Defendant's Motion states that, "[h]ere, the paragraphs in Count I offer a laundry list of Mr. Jay's alleged expectations without identifying the specific contractual terms that serves as the source of these expectations, […]". *Def.'s Motion* ¶ II. Only sentences prior, however, the Defendant specifically states provisions of the agreements that are the source of the Plaintiff's "laundry list" of "alleged expectations". *Id.* In the Complaint, the Plaintiff quite clearly includes the terms of the Agreements breached by Ms. Bean with specificity. *Compl.* ¶¶ *91-98, and generally.* As such, the Plaintiff has included enough factual detail to make the breach of contract claim plausible on its face and should not be dismissed. See Falmouth Sch. Dep't v. Doe, *supra;* quoting Ashcroft v. Iqbal, *supra.*

### III.   PLAINTIFF SUFFICIENTLY PLED A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (COUNT II).

"Under Massachusetts law, every contract contains an implied covenant of good faith and fair dealing." Pearce v. The Duchesneau Group, Inc., 392 F. Supp. 2d 63, 69 (2005). The implied covenant is designed to "ensure that neither party interferes with the ability of the other to enjoy the fruits of the contract... (and the) parties "remain faithful to the intended and agreed expectations' of the contract." Chokel v. Genzyme Corp., 449 Mass 272, 867 N.E.2d 325, 329 (2007), quoting Uno Rests., Inc. v. Boston Kenmore Realty Corp., 441 Mass. 376, 805 N.E.2d 957, 964 (2004). Further, to state a claim, the plaintiff must show the defendant "violate[d] [its] reasonable expectations," Chokel v. Genzyme Corp., 449 Mass. 272, 867 N.E.2d 325, 329 (2007),

and performed with a "lack of good faith," T.W. Nickerson, Inc. v. Fleet Nat'l Bank, 456 Mass. 562, 924 N.E.2d 696, 704 (2010).

The Plaintiff has plausibly alleged that the Defendant acted with a "lack of good faith" when she breached the parties' underlying contracts and prevented the Plaintiff from receiving the benefits of the Agreements. *Compl*. ¶¶ 100-103; see Zoll Med. Corp. v. Barracuda Networks, Inc., 585 F. Supp. 3d 128, 138 (D. Mass. 2022). Thus, the Defendant's Motion should be denied as to Plaintiffs' good faith and fair dealing claim (Count II).

**IV. PLAINTIFF SUFFICIENTLY PLED A CLAIM FOR BREACH OF FIDUCIARY DUTY (COUNT III).**

Under Massachusetts law, to make a claim for breach of fiduciary duty a plaintiff must show (1) the existence of a duty of a fiduciary nature, based upon the relationship of the parties, (2) breach of that duty, and (3) a causal relationship between that breach and some resulting harm to the plaintiff. Amorim Holding Financeria, S.G.P.S., S.A. v. C.P. Baker & Co., 53 F. Supp. 3d 279, 295 (D. Mass. 2014). Here, the Plaintiff has successfully pled a claim for breach of fiduciary duty. Plaintiff alleges that there was a fiduciary duty between him and the Defendants (*Compl*. ¶¶ 105-107); that Defendant Bean breached that duty when she failed to remit payments and distributions to the Plaintiff and failed to include Plaintiff in major LLC decisions, and also shen she refused and/or failed to provide the LLC's accounting records to the Plaintiff (*Compl*. ¶ 108); and that the Plaintiff incurred damages as a result of the Defendant's breach (*Compl*. ¶¶ 110-111).

The gist of the Defendant's argument regarding the breach of fiduciary duty allegations is that Plaintiff's claims are duplicative of his breach of contract claims. To support her argument, the Defendant cites a 1994 Massachusetts Superior Court case (which she attempts to pass off as a ruling from "this Court") which is inapposite to this matter. However, in circumstances where the contract establishes a relationship that is necessarily one "founded on the trust and confidence

5

reposed by one party in the integrity and fidelity of another" (i.e. a fiduciary relationship) (UBS Fin. Servs., Inc. v. Aliberti, 483 Mass. 396, 406 (2019) (quotation marks omitted)) it therefore elicits "extra-contractual" obligations in the form of, *inter alia*, duties of loyalty and care, which are rooted in policy and are independent of the contract. Baker v. Goldman Sachs & Co., 656 F. Supp. 2d 226, 236 (D. Mass. 2009) (noting that "[a] fiduciary duty is an extra-contractual duty.") (citations omitted). Accordingly, this Court has found that the breach of contract claims and breach of fiduciary duty claims can and do co-exist.

Moreover, the Defendant incorrectly states in her motion that the Plaintiff has not captured any "[…] separate or additional conduct" to support a claim for a breach of fiduciary duty. *Def.'s Motion ¶ IV*. The Plaintiff, however, properly pled that Ms. Bean's violations of the controlling contracts were in addition to her making decisions absent the knowledge or consent of the Plaintiff and her deposit of a co-defendant's Redeemed Interest into her own account which enabled her to become the majority shareholder. *Compl.* ¶¶ 53-64, 65-73, 74-79, 80-81, 108-109.

The Plaintiff's Complaint plausibly demonstrates multiple instances wherein Defendant Bean's conduct resulted in a breach of the fiduciary duty she owed to the Plaintiff. Thus, the Defendant's Motion should be denied as to Plaintiff's Count III.

## V.   PLAINTIFF SUFFICIENTLY PLED A CLAIM FOR UNJUST ENRICHMENT (COUNT IV).

Under Massachusetts law, a plaintiff may recover for unjust enrichment upon a showing that (1) plaintiff conferred a benefit upon the defendant, (2) the defendant accepted that benefit and (3) the defendant's retention of the benefit would be inequitable without payment for its value. Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 57 (1st Cir. 2009). The Plaintiff has plausibly alleged that the Defendants were unjustly enriched by their actions in failing

to make Shortfall Payments and Distributions to the Plaintiff, resulting in damages to him. *Compl.* ¶¶ 113-116.

The Defendant, however, argues that Plaintiff's Unjust Enrichment claim is precluded by the contract and his breach of contract claim. The First Circuit Court of Appeals has held, however, that "it is accepted practice to pursue both theories at the pleading stage." Lass v. Bank of Am., N.A., 695 F.3d 129, 140 (1st Cir. 2012), citing Vieira v. First Am. Title Ins. Co., 668 F. Supp. 2d 282, 294-95 (D. Mass. 2009) (stating that Federal Rule of Civil Procedure 8(d) "permits Plaintiffs to plead alternative and even inconsistent legal theories, such as breach of contract and unjust enrichment, even if Plaintiffs only can recover under one of these theories")).[1]

Accordingly, the Defendant's Motion, as to Plaintiff's Unjust Enrichment claim, should be denied.

## VI. PLAINTIFF SUFFICIENTLY PLED A CLAIM FOR AN ACCOUNTING (COUNT V (first[2])).

The Complaint seeks an accounting from the Defendant to obtain a comprehensive and transparent overview of the Company's financial health and status. In Defendant's Motion, she asserts a semantically laden argument to distract from the fact that she maintains (and is contractually obligated to maintain) the Company's books and records and has sole access to the Company's bank accounts. *Compl.* ¶ *120*. Ms. Bean has personally put forth a considerable amount

---

[1] "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). Additionally, "a plaintiff may plead inconsistent or alternative theories of relief." Manicini Enterprises, Inc. v. Am. Exp. Co., 236 F.R.D. 695, 699 (S.D. Fla. 2006). "Although equitable relief ultimately may not be awarded where there exists an adequate remedy at law, Plaintiff certainly may plead alternative claims for relief." Ideal Frame Co., Inc. vs. Decisionhr USA, Inc., M.D. Fla., No. 8:16-CV-1963-T-36MAP (Mar. 22, 2017); Brown v. Toscano, 254 F.R.D. 690, 699 (S.D. Fla. 2008); see Arnold & Associates, Inc. v. Misys Healthcare Sys., a div. of Misys, PLC, 275 F. Supp. 2d 1013, 1029 (D. Ariz. 2003) (holding "there are no requirements to include the magic words 'in the alternative' in making alternative claims.")

[2] Plaintiff mistakenly asserted two (2) causes of action numbered "Count V" in his Complaint. For the sake of clarity, the Accounting cause of action is referenced herein as "Count V (first)" and the Rescission cause of action is referenced herein as "Count V (second)."

of effort to circumvent the Plaintiff's access to the Company's financial data. *Compl. ¶¶ 82-90*. To date, while some records have been provided to the Plaintiff, there are many requested documents that remain outstanding.

Further, pursuant to M.G.L. c. 156C, § 10:

> Each member or manager of a limited liability company **has the right**, subject to such reasonable standards, including standards governing what information and documents are to be furnished at what time and location and at whose expense, as may be set forth in the operating agreement or otherwise established by the manager or, if there is no manager, then by the members, to obtain from the limited liability company from time to time **upon reasonable demand in writing for any purpose reasonably related to the member's or manager's interest as a member or manager of the limited liability company (i) true and full information regarding the state of the business and financial condition of the limited liability company, (ii) promptly after becoming available, a copy of the limited liability company's federal, state and local income tax returns for each year, and (iii) other information regarding the affairs of the limited liability company as is just and reasonable**.

M.G.L. c. 156C, § 10.

As plausibly alleged in Plaintiff's Complaint, the Defendant has failed and/or refused to provide Nantucket's books and records to the Plaintiff. Simply put, the Defendant is in possession of relevant information and financial records that would allow the Plaintiff to track and locate the funds due and owing to the Plaintiff, which is necessary in order to calculate the Plaintiff's damages and which she is statutorily obligated to provide to the Plaintiff. The Plaintiff has successfully pled his accounting claim, and the Defendant's Motion should be denied.

**VII. PLAINTIFF HAS SUCCESSFULLY PLED A CLAIM FOR RECISSION (COUNT V (second)).**

The Plaintiff has set forth a plausible claim for rescission of the Redemption Agreements and the Promissory Note where the Defendants committed material breaches of those contracts.

*Compl.* ¶¶ 125-128. See Lease-It, Inc. v. Mass. Port Auth., 33 Mass.App.Ct. 391, 396, 600 N.E.2d 599 (1992) ([O]nly a material breach of a contract ... justifies a party thereto in rescinding it." (quoting 6 Williston, CONTRACTS § 829 (3d ed. 1962))). "A material breach of an agreement occurs when there is a breach of 'an essential and inducing feature of the contract[ ].' " Id., quoting Bucholz v. Green Bros. Co., 272 Mass. 49, 52, 172 N.E. 101 (1930). Here, as set forth in the Complaint, Plaintiff would have withheld his consent and approval pursuant to Plaintiff's rights under Section 6(b) of the Assignment Agreement if he had known that the Defendants were executing the Redemption Agreements. *Compl.* ¶ 127.

Furthermore, Plaintiff refutes the Defendant's contention that the LLC is an indispensable party and, thus, rescission, is unattainable. Where all of the LLC's members and/or managers are already joined in this action, the LLC is not necessary for rescission. All of the underlying agreements set forth in Plaintiff's Complaint were signed by some or all of the Defendants and/or the Plaintiff. See, e.g., *Compl.*, Exs. D and E. Therefore, the Defendant's Motion should be denied as to Plaintiff's Rescission cause of action.

**VIII.   ALTERNATIVELY, THE DEFEDANT SHOULD BE ALLOWED FREE LEAVE TO AMEND HIS CLAIMS TO CORRECT ANY TECHNICAL DEFICIENCIES.**

Alternatively, and if the Court finds a technical pleading deficiency warranting dismissal, in whole or in part, then the Plaintiff respectfully requests leave to amend his Complaint to correct such deficiencies. Indeed, "even on questions of a court's adjudicatory authority in particular, salvage operations are ordinarily preferable to the wrecking ball." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 592 (2004) (Ginsburg, J., *dissenting*). Leave to amend should be freely granted in circumstances where, as here, the Defendant seeks dismissal of the Complaint on technical grounds and in a shotgun approach in this important case. Fed. R. Civ. P. 15.

## CONCLUSION

For the foregoing reasons, Plaintiff, Roy Jay, respectfully requests that this Honorable Court DENY Defendant, Nancy Bean's, Motion to Dismiss Under Rule 12(b)(6) and award such other and further relief as this Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), the Plaintiff respectfully requests oral argument on Defendant's Motion and this Opposition.

Respectfully submitted,

**Plaintiff,**
**ROY JAY,**

By his Attorneys,

/s/ *Amie D. Joseph*

_____
Travis J. Jacobs, Esq. (MA BBO#: 671921)
Amie D. Joseph, Esq. (MA BBO#: 662558)
THE JACOBS LAW, LLC
1359 Hancock Street, Suite 10
Quincy, Massachusetts 02169
TJacobs@TheJacobsLaw.com
AmieJ@TheJacobsLaw.com

DATED: October 4, 2024    800.652.4783 (P) / 888.613.1919 (F)

## CERTIFICATE OF SERVICE

The undersigned certifies that all attorneys of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 4th day of October 2024.

/s/ *Amie D. Joseph*

_____
Amie D. Joseph, Esq.