UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROY JAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 24-CV-11937-AK |
| v. | ) | |
| | ) | |
| NANCY BEAN, | ) | |
| MARK GOLDWEITZ, and | ) | |
| DAVID GOLDWEITZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON MOTIONS FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION,
AND DISMISSAL FOR FAILURE TO JOIN NECESSARY PARTY,
LACK OF JURISDICTION, INSUFFICIENT SERVICE, AND
FAILURE TO STATE A CLAIM**

**ANGEL KELLEY, D.J.**

On July 25, 2024, plaintiff Roy Jay ("Jay") filed a lawsuit against Nancy Bean ("Bean"), Mark Goldweitz ("Mark"[1]), and David Goldweitz ("Goldweitz"), seeking damages for alleged deceptive business practices. [Dkt. 1]. Jay's claims include breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, accounting, and rescission. [Id.]. On the same date, Jay also filed a Motion for Temporary Restraining Order and Preliminary Injunction ("Jay's Motion"), requesting the court enjoin Bean from taking certain actions related to The Nantucket Wine & Food Festival, LLC (the "LLC"). [Dkt. 2 at 1]. Bean and Goldweitz moved to dismiss all claims against them. [Dkts. 7; 20; 22]. For the following reasons, Bean and Goldweitz's motions to dismiss are **GRANTED**, the action is

---

[1] Two of the defendants share the same surname; the elder is referred to by his first name because he is not an active moving party.

1

**DISMISSED** for lack of subject matter jurisdiction, and Jay's Motion [Dkt. 2] is **DENIED AS MOOT**.

## I. BACKGROUND

The following factual allegations are drawn from Jay's complaint [Dkt. 1] and the exhibits attached thereto unless otherwise indicated. Jay is a citizen of Florida. Goldweitz is a citizen of New York, while Mark and Bean are citizens of Massachusetts. On August 7, 2012, the LLC was formed in Massachusetts, and Bean and Mark executed the "Nantucket Wine Festival LLC Limited Liability Company Agreement" (the "LLC Agreement"), granting Mark 51% membership interest with 100% of the voting rights due to his financial backing, and Bean the remaining 49% membership interest with 0% voting rights.

In 2018, Jay, Bean, and Mark entered into an "Assignment of Membership Interest Agreement" (the "Assignment Agreement"), transferring 10% of Mark's membership interest in the LLC to Jay. The Assignment Agreement also transferred 29.4% of Mark's voting rights to Bean and 10% to Jay, with Mark retaining 60.6% of his voting rights. Additionally, Mark and Jay separately entered into a Letter Agreement. Jay alleges the Letter Agreement induced him to complete his purchase of Mark's membership interest, specifically the Letter Agreement's obligation for Mark to make "Shortfall Payments" if Jay's distributions from the LLC's annual wine festival were less than $50,000 in any calendar year. This obligation was binding on Mark's estate and heirs.

In 2019, Jay discovered Mark's escalating financial troubles, including civil litigation against Mark and his family. Around the same time, Bean informed Jay that the LLC was named in many of the lawsuits against Mark as a reach and apply defendant, with injunctions being issued. Jay alleges that Bean possibly used LLC funds to pay for Mark's legal expenses. Jay

also learned that either Goldweitz (or an entity called D&D Trust controlled by Goldweitz) held a first lien on Mark's membership interest in the LLC and a UCC security interest on the LLC's assets.

In 2020, the annual wine festival was canceled due to the COVID-19 pandemic. Jay alleges that Bean used deceptive financial practices when operating the LLC's bookkeeping, including concealing deposits and claiming many deposits were loans she personally made to the LLC. These loans were not documented, and Jay's attempts to call meetings to construct an accurate balance sheet were unsuccessful.

Jay alleges that Mark assigned part of his membership interest to his son, Goldweitz, directly or through D&D Trust. On September 13, 2022, Bean emailed Jay an outline of terms offered to Goldweitz to facilitate the redemption of Mark's remaining membership interest. Among other things, the email outlined that Bean herself would secure the 35% membership interest portion held by Mark, with the remaining 6% going to Goldweitz. This transfer was in lieu of Mark's repayment of money owed, and the LLC would assume several hundred thousand dollars' worth of Mark's debt. This email was the only notification Jay allegedly received regarding the anticipated redemptions.

The Redemption Agreement was signed on November 11, 2022, with Bean and Goldweitz redeeming Mark's remaining membership interest. Jay alleges he was not made aware of or given the opportunity to review the Redemption Agreement, which was executed without his consent as a voting member. Upon Mark's transfer of his membership interests to Goldweitz and Bean, Mark allegedly resigned as Manager of the LLC without Jay's consent or the required thirty days' notice.

The Participation Agreement was also executed on November 11, 2022, between Goldweitz and the LLC, with Bean signing as Manager of the LLC. The Participation Agreement entitled Goldweitz to 10% of the net realized proceeds from the sale of the LLC, increasing to 15% if the purchase price exceeded $2 million by December 31, 2023. According to the Assignment Agreement between Mark, Jay, and Bean, the Manager of the LLC should not enter into contracts obligating the LLC to spend over $50,000 without prior approval from voting members. After the Redemption Agreement, Goldweitz was no longer a member of the LLC but was still entitled to substantial distributions, which Jay alleges is unusual for a non-member.

The Promissory Note, also signed yet again on November 11, 2022, secured a loan of $155,000 from Goldweitz to the LLC, with Bean signing as the Manager of the LLC. The Assignment Agreement between Mark, Jay, and Bean required Jay's written approval for borrowing over $100,000. Jay alleges he did not give his written consent, and further claims that Bean ignored multiple informal requests for financial data and profit distributions due to him.

On July 25, 2024, Jay sued the defendants in their individual capacities, alleging they have not upheld several terms of the LLC Agreement and the Letter Agreement, including failing to make Shortfall Payments to him, engaging in deceptive financial practices, Mark's resignation without his consent, and other major decisions made without his notice and written approval. Jay also filed his Motion seeking to enjoin and restrain the sale or transfer of Bean's membership interest, any potential sale, transfer, or disposal of the LLC or its assets, and an order for Bean to produce "a complete accounting of all the LLC's financial records" within ten days of the entry of a court order. [Dkt. 2-1].

On August 14, 2024, Bean filed a Motion to Dismiss for Failure to Join a Necessary[2] and Indispensable Party, Lack of Subject Matter Jurisdiction, and Insufficient Service of Process arguing, in part, that this case falls outside the subject matter jurisdiction of the court, Jay failed to demonstrate entitlement to the injunctive relief sought, and Jay did not properly effectuate service upon her. [Dkt. 7]. On August 23, 2024, this Court directed Jay to provide proper service of process to Bean by September 3, 2024, and gave Bean one week to reply to Jay's Motion because she already had actual notice of the case as evidenced by her filing a dispositive motion. [Dkt. 12]. The Court did not rule on the merits of Bean's other grounds for dismissal at that time. On September 3, 2024, Bean was served in this action. [Dkt. 16]. On September 16, 2024, Goldweitz filed a Motion to Dismiss, arguing that the LLC is a necessary and indispensable party to the case whose joinder will destroy diversity jurisdiction, the sole basis for federal jurisdiction. [Dkt. 20]. Bean subsequently filed another Motion to Dismiss for Failure to State a Claim on September 20, 2024. [Dkt. 22].

## II.   DISCUSSION

Before considering the merits of Jay's Motion [Dkt. 2] or Bean's Motion to Dismiss his claims as either frivolous or at least legally defective [Dkt. 22], the Court must first address the threshold issue of jurisdiction. One ground for dismissal is Jay's failure to comply with Federal Rule of Civil Procedure 19 ("Rule 19") due to the absence of a necessary and indispensable party: the LLC. Under Rule 12(b)(7), "a defendant may move to dismiss a claim when a plaintiff fails to join a required party" under Rule 19. J & J Sports Prods. Inc. v. Cela, 139 F. Supp. 3d 495, 499 (D. Mass. 2015) (internal quotes and citations omitted). Rule 19 is intended for

---

[2] The Federal Rules "used to refer to a required party as a 'necessary party.'" Bacardí Int'l Ltd. v. V. Suárez & Co., Inc., 719 F.3d 1, 10 n.12 (1st Cir. 2013). Because the defendants have used the term "necessary party" in their motion and supporting memorandum, this Court uses the terms "required party" and "necessary party" interchangeably throughout this Memorandum and Order.

situations "where a lawsuit is proceeding without a party whose interests are central to the suit." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Flanders-Borden, 11 F.4th 12, 17 (1st Cir. 2021).

Rule 19 provides for the joinder of required parties when feasible, and for the dismissal of suits when the joinder of a required party is not feasible and that party is indispensable. Bacardí Int'l, 719 F.3d at 9. This decision is a "pragmatic, practical" one that is "heavily influenced by the facts of each case." Id.; see also Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 119 (1968) (instructing that the decision whether to dismiss for nonjoinder "must be based on factors varying with the different cases . . . ."). In making this determination, the court must "accept the allegations contained in the plaintiff's complaint as true." Romero v. Clean Harbors Surface Rentals USA, Inc., 368 F. Supp. 3d 152, 158 (D. Mass. 2019) (quoting J & J Sports, 139 F. Supp. 3d at 499). Moreover, the court is not limited to the pleadings and may consider other relevant evidence, such as declarations or affidavits. Id. Ultimately, the moving party bears the burden of showing why the absent party should be joined. Id. at 157 (citing Raytheon Co. v. Cont'l Cas. Co., 123 F. Supp. 2d 22, 32 (D. Mass. 2000)). This Court will address each step of the Rule 19 analysis, and any proffered defense, in turn.

**A. The LLC is a Required Party**

The first step in a Rule 19 analysis is determining whether an absent party is a "required party." Bacardí Int'l, 719 F.3d at 10. A party is "required" if, in their absence, the court cannot afford complete relief among the existing parties, disposing of the case without the absent party could harm their ability to protect their interests, or deciding the case in the party's absence puts another party at risk of conflicting obligations. Fed. R. Civ. P. 19(a). The party raising a Rule 19 defense must "show that the absent party is needed for a just adjudication." Duggan v. Martorello, 596 F. Supp. 3d 195, 203 (D. Mass. 2022) (quoting Romero, 368 F. Supp. 3d at 157).

6

Within this circuit, it is "well-settled" that "a party to a contract which is the subject of the litigation is a necessary party." Downing v. Globe Direct LLC, 806 F. Supp. 2d 461, 466 (D. Mass. 2011), aff'd, 682 F.3d 18 (1st Cir. 2012); see also Blacksmith Invs., LLC v. Cives Steel Co., Inc., 228 F.R.D. 66, 74 (D. Mass. 2005) ("[A] party to a contract . . . is considered a 'necessary' party."); Leonard v. Humacao Glass & Aluminum Contractors Inc., No. CIV. 03-2250(DRD), 2006 WL 656426, at *8 (D.P.R. Mar. 9, 2006) (citing Acton Co., Inc. of Mass. v. Bachman Foods, Inc., 668 F.2d 6, 78–79 (1st Cir. 1982) and stating that, "generally, when a breach of contract is asserted, all parties to the contract are necessary parties."); Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 184 F. Supp. 2d 55, 78 (D. Mass. 2001) (quoting 4 Moore's Federal Practice § 19.06[1] (3d ed. 2001) to note that, "[a]s a general rule, an action to set aside a contract requires the joinder of all parties to the contract"). Put simply, in actions involving breach of contract or rescission, all parties to the contract(s) must be joined.

Here, Bean argues that the LLC is a necessary party because Jay seeks rescission of agreements to which the LLC is a contracting party, and Jay makes other claims in which the LLC has a substantial and inseparable interest. [Dkt. 7 at 1]. Goldweitz similarly argues that the case "revolves around [the] LLC," yet Jay has not included the LLC as a party to this action. [Dkt. 21 at 1-2]. Jay alleges breach of the LLC Agreement, the Letter Agreement, and the Assignment Agreement, and seeks rescission of the Redemption Agreement and Participation Agreement. [Dkt. 1 at 20]. Given that a party to a contract that is the subject of litigation is required under the Federal Rules of Civil Procedure and the LLC is a party to the contracts at issue, this Court finds that the LLC is a required party as contemplated by Rule 19. The LLC's absence affects the Court's ability to afford complete relief and could harm its ability to protect its interests.

## B. Joinder of the LLC is Not Feasible Because It Destroys Subject Matter Jurisdiction

Once the court determines that an absent party is required, it must next assess whether joinder is feasible. Fed. R. Civ. P. 19(b). Under Rule 19(b), joinder is not feasible if it destroys subject matter jurisdiction. See Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008); In re Olympic Mills Corp., 477 F.3d 1, 8 (1st Cir. 2007); Acton, 668 F.2d at 79. Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests on the party invoking it. See Carrozza v. CVS Pharmacy, Inc., 992 F.3d 44, 51 (1st Cir. 2021) (citing Massachusetts Sch. of L. at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 33 (1st Cir. 1998)). Diversity jurisdiction requires "complete diversity" between all plaintiffs and defendants and must be shown for every claim. Picciotto, 512 F.3d at 21–22; Certain Underwriters at Lloyd's, London v. R&B Invs., LLC, 621 F. Supp. 3d 198, 201 (D. Mass. 2022). If a complaint includes some claims within diversity jurisdiction, and others not, the lack of complete diversity defeats subject matter jurisdiction over the entire case. See Blasberg v. Oxbow Power Corp., 934 F. Supp. 21, 23 (D. Mass. 1996). For jurisdictional purposes, the citizenship of a limited liability company is "determined by the citizenship of all of its members." Seaplane Enterprises LLC v. Chen, 718 F. Supp. 3d 105, 110 (D. Mass. 2024) (quoting D.B. Zwirn Special Opp. Fund, L.P. v. Mehrotra, 661 F.3d 124, 127 (1st Cir. 2011)).

In this case, Jay has the burden of establishing jurisdiction, and the allegations of the complaint, viewed in isolation, suggest that complete diversity exists between the parties under Section 1332(a)(1). However, the LLC is a "required party" and limited liability company whose members include Jay, a citizen of Florida, and Bean, a citizen of Massachusetts. [Dkt. 1 at 2, 6]. Consequently, the LLC shares the citizenship of both states. The inclusion of the LLC,

sharing citizenship with parties on both sides of the case, destroys complete diversity. Therefore, joining the LLC as a party is not feasible as it ruins the court's subject matter jurisdiction. The next step is to determine whether the LLC is indispensable to the litigation, which could warrant the dismissal of the case.

### C. The LLC is an Indispensable Party

According to Rule 19(b), if joinder is not feasible, the court must determine if the absent party is indispensable. Fed. R. Civ. P. 19(b). Under Rule 19(b), the court considers four factors: (1) the extent to which a judgment in the party's absence might prejudice that party or the existing parties; (2) the extent to which any prejudice could be mitigated by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment in the party's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. If the party is indispensable, the case must be dismissed.

All parties to a contract are indispensable in an action seeking rescission of the contract. See, e.g., B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541, 548 (1st Cir. 2006) (holding that a distributor was an indispensable party because the dealers sought an injunction that affected distributor's interests); Acton, 668 F.2d at 81–82 (stating that, in an action seeking rescission of a contract, all parties to the contract and others having a substantial interest in it are indispensable parties); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1613, at 196 (3rd ed. 2001) ("[I]n an action seeking specific performance of a contract all persons who will be required to act to carry out a court order compelling performance have been held to be indispensable parties."). If the case implicates a required, nondiverse absentee party, the court must determine whether the absent party "is so indispensable that the court should dismiss the case for want of subject matter jurisdiction."

Picciotto, 512 F.3d at 17.  In other words, under traditional analysis, the court must determine whether the litigation may continue in their absence or whether they are so indispensable that the court should dismiss the case for want of subject matter jurisdiction.  See Acton, 668 F.2d at 80.

Here, Bean and Goldweitz contend that, without the LLC, complete relief cannot be accorded among the existing parties, and the interests of the LLC in the contracts at issue cannot be adequately protected.  Since Jay seeks to rescind contracts between the LLC and others, this Court finds that the LLC is an indispensable party to this case and, without its presence, the Court lacks subject matter jurisdiction.  Consequently, the case must be dismissed.

### D. Jay Has Alleged Both Direct and Derivative Claims

Jay's primary argument against dismissal is that his claims are "direct" rather than "derivative" in nature, making the LLC's joinder unnecessary.  [Dkts. 18 at 4-9; 25 at 4-9].  A lawsuit is "derivative" if the source of the plaintiff's claim of right "flows from the breach of a duty owed by the defendants to the corporation" and the harm to the plaintiff thus "flows through the corporation."  Blasberg, 934 F. Supp. at 26.  In a derivative action, the party on whose behalf a suit is brought is indispensable and its citizenship is considered for determining whether complete diversity exists.  See Blasberg, 934 F. Supp. at 23 (citing Ross v. Bernhard, 396 U.S. 531, 538–39 (1970).  Examples of derivative claims include "mismanagement of funds" and "embezzlement or breach of fiduciary duty" leading to a decrease in value of the corporate assets.  Id. at 26.  Conversely, a suit is "direct" if "the right flows from the breach of a duty owed directly to the plaintiff independent of the plaintiff's status as a shareholder, investor, or creditor of the corporation."  Id.  An example of a direct claim is one in which the plaintiff alleges that he was "misled or defrauded in the purchase" of an investment.  Id.

The issue before the court is whether Jay has alleged only claims properly characterized as direct, such that the LLC is not indispensable and their joinder is not required, or whether Jay has alleged any claims that are truly derivative and on behalf of the LLC. This Court holds that Jay's action asserts claims that are both direct and derivative in nature. The Complaint includes counts for breach of contract, breach of the fiduciary duty owed to him, breach of the implied covenant of good faith and fair dealing, unjust enrichment, accounting, and rescission. [Dkt. 1 at 17-21].

Some of these claims involve harm that flows through the LLC first and then to Jay. Specifically, Jay alleges that Mark and Bean, as managers of the LLC, breached agreements by failing to make required shortfall payments and distributions, making decisions without unanimous member consent, and withholding necessary financial records. [Id. at 17-18]. Additionally, Jay asserts that Mark, Bean, and Goldweitz breached their fiduciary duties by failing to provide accounting records, making unauthorized decisions on behalf of the LLC, and engaging in actions to secure a majority share for Bean. [Id. at 18-19]. Moreover, Jay's other claims, including unjust enrichment, accounting, and rescission, also involve the LLC as an entity. For example, Jay alleges that Mark breached the LLC Agreement by resigning as Manager without notice, and Jay seeks rescission of several contracts to which the LLC is a party "in order to return all parties to the *status quo*." [Id. at 17, 20]. Therefore, these claims are derivative in nature, as they involve harm to the LLC that subsequently affects Jay. See, e.g., Urquhart v. Wertheimer, 646 F. Supp. 2d 210, 212 (D. Mass. 2009); Blasberg, 934 F. Supp. at 28.

Because Jay's lawsuit asserts claims that are derivative to rights retained by the LLC, this Court concludes that the LLC is both a "necessary" and "indispensable" party to this action. Rule 19(a) is satisfied not only because some of Jay's claims are derivative, but also because any

11

judgment against Bean and Goldweitz would necessarily involve the LLC. The four factors of Rule 19(b) further favor Bean and Goldweitz. Jay requests relief that has the potential to prejudice the LLC. For example, Jay seeks rescission of the Redemption Agreement and Participation Agreement–which the LLC was a party to–on the basis that the defendants made numerous material breaches of the LLC Agreement, the Assignment Agreement, and the Letter Agreement. Rescission nullifies the contract and returns the parties to the pre-contractual status quo.

Jay's failure to join a necessary and indispensable party, namely the LLC, violates Rule 19. The joinder of the LLC is crucial because its absence precludes complete relief and jeopardizes the protection of interests central to this litigation. However, the LLC cannot be joined because it would destroy diversity jurisdiction, as the LLC's membership includes citizens of states not diverse from the existing parties. Finally, Jay would have an adequate remedy if this case were dismissed because Jay could refile this action in state court naming the LLC and all the limited partners or file an action in either federal or state court against the same defendants by asserting only direct claims. Therefore, the court concludes that the action cannot proceed in equity and good conscience without the inclusion of the LLC, making its nonjoinder indispensable.

### III.   CONCLUSION

Given the necessary and indispensable nature of the LLC and the resultant destruction of diversity jurisdiction upon its joinder, this Court lacks subject matter jurisdiction over the present action. For the reasons set forth above, Bean and Goldweitz's motions to dismiss on lack of subject matter jurisdiction due to Jay's failure to join a necessary and indispensable party [Dkts. 7; 20] are hereby **GRANTED.** Accordingly, this action is **DISMISSED** and the Court declines

to address the merits of neither Jay's Motion for a temporary restraining order and preliminary injunctive relief [Dkt. 2] nor Bean's motion to dismiss for failure to state a claim [Dkt. 22], which are **DENIED AS MOOT** before this Court.

    **SO ORDERED.**

Dated: January 28, 2025                                             /s/ Angel Kelley
                                                                                Hon. Angel Kelley
                                                                                United States District Judge